UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM JACQUES, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:23-cv-03480 (UNA) |
| MARC JEAN-BAPTISTE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiffs' *pro se* complaint, ECF No. 1 ("Compl."), and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant the IFP application in part and deny it in part, and, for the reasons explained below, it will dismiss the complaint without prejudice. It will also deny Plaintiffs' motion for summary judgment, ECF No. 3.

Three Plaintiffs, Salim Jacques, Salem Jacques, and Mac Truong, jointly file the 150-page complaint. At the outset, the Court notes that only Salim Jacques has filed and executed an IFP application, and neither Salem Jacques nor Truong[1] have filed an IFP application or submitted the applicable $402 filing fee. As a general rule, a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (explaining that an individual who is "not a member of the bar of

---

[1] The Court notes that Truong "is a vexatious litigant who has continued to file numerous repetitive, meritless and frivolous actions despite past warnings by several courts." *Truong v. Valenziano*, No. 23-02501, 2023 WL 6809939, at *1 (D.D.C. Oct. 11, 2023) (quoting *In re Truong*, No. 09-11047, 2011 WL 2894580, at *1 n.4 (Bankr. S.D.N.Y. July 15, 2011)); *see In re Truong*, 2011 WL 2894580, at *1 n.1 (noting "over 70 written judicial opinions related" to Plaintiff's "various lawsuits and bankruptcies"). This matter presents no differently.

any court . . . may appear *pro se* but is not qualified to appear in . . . [federal] court as counsel for others"); *United States ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (similar), *aff'd sub nom. Rockefeller ex rel. United States v. Wash. TRU Sols. LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004). This requirement includes the submission of separate and individually executed IFP applications. *See generally*, 28 U.S.C. §§ 1914, 1915. Without properly detailed IFP applications, individually executed and filed by each Plaintiff, the Court lacks the information by which it may assess their respective financial statuses. Therefore, the IFP application will be granted only as to Salem Jacques.

Plaintiffs all reside in New Jersey. *See* Compl. at 3. They sue six Defendants: the Estate of the late Reverend Pierre Michel Jean-Baptiste, its attorney, an associated church, three individuals who serve as executors of the church and estate, and a federal judge[2] who oversaw estate-related court proceedings in the U.S. District Court for the District of New Jersey. *See id*. at 4. All Defendants are located in either New York or New Jersey. *See id*. Plaintiffs allege that Defendants have all conspired to fraudulently deprive them of their inheritance and the proceeds of the church and estate. *See id*. at 6–9. They demand $120 million in damages. *Id.* at 10.

---

[2]   Judges are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9-11 (1991) (per curiam) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id*.; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."). The allegations against the defendant judge all involve actions allegedly performed in her judicial capacity. *See* Compl. at 6-10. Consequently, Plaintiffs' claims against the defendant judge cannot survive.

Plaintiffs have failed to establish this Court's subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-1332. A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, although Plaintiffs broadly cite to federal statutes, *see* Compl. at 1-2, 8-9 (citing 10 U.S.C § 921; 18 U.S.C. §§ 241, 1512), they improperly attempt to invoke bare criminal statutes and a subsection of the code of military justice, *see id.*, in this civil case, *see id.* at 1. Not only are these statutes generally inapplicable to the operative facts, but "Supreme Court has [also] rarely implied a private right of action under a criminal statute," *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77 (D.C. Cir. 2017) (cleaned up), and the criminal statutes upon which Plaintiffs rely do not provide such right, *Truong v. Valenziano*, No. 23-02501, 2023 WL 6809939, at *1 (D.D.C. Oct. 11, 2023) (citing *Leonard v. George Washington Univ. Hosp.*, 273 F. Supp. 3d 247, 257 (D.D.C. 2017), *aff'd*, No. 17-5194, 2018 WL 3524644 (D.C. Cir. July 9, 2018)); *see Leonard*, 273 F. Supp. 3d at 257 (listing § 1512 and § 241 among "the type of bare criminal statutes from which no private right of action is implied" (cleaned up)); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009) (§ 1512 and other "federal criminal obstruction of justice statutes do not create private causes of action"), *aff'd*, No. 09-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) (§ 241 criminalizing conspiracy against rights "does not expressly create a private right of action upon which plaintiff may sue defendants"), *aff'd*, No. 09-5358, 2010 WL 2574084 (D.C. Cir. June 11, 2010); *Rush v. Hillside*

*Buffalo, LLC*, 314 F. Supp. 3d 477, 482 n.3 (W.D.N.Y. 2018) (holding that 10 U.S.C § 921 "does not create "a private cause of action"). Because Plaintiffs do not have even an arguable cause of action under the cited statutes, the Court does not have federal question jurisdiction over their claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Second, Plaintiffs have also failed to establish diversity jurisdiction. Plaintiffs are citizens of New Jersey, *see* Compl. at 1, as are two of Defendants, *see id*. at 4, thereby defeating complete diversity, which is required. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").

The Court also notes that this action bears no connection to this District whatsoever, *see* 28 U.S.C. §§ 1391(b),1406(a), as Plaintiffs essentially concede, *see* Compl. at 2 (stating, puzzlingly, that "[v]enue is proper in this Court . . . because almost all of the defendants herein are residing and/or doing business in the State of New York, and/or in the State of New Jersey" and "most of the events, circumstances, and/or causes of action . . . occurred in King County, New York, and/or in the state of New Jersey").

Finally, the Court denies Plaintiffs' pending motion for summary judgment as moot.

Consequently, this matter is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii). An order consistent with this memorandum opinion is issued separately.

Date: November 30, 2023

/s/_____
ANA C. REYES
United States District Judge